**Mozella J. MAJOR, Appellant,**

v.

**Major General Robert A. ROSENBERG, Director of Defense Mapping Agency, Appellee.**

No. 88–2242.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1989.

Decided June 14, 1989.

Rehearing Denied Aug. 7, 1989.

Edward L. Welch, East St. Louis, Ill., for appellant.

Howard S. Bishop, Jr., St. Louis, Mo., for appellee.

Before LAY, Chief Judge, ARNOLD and BOWMAN, Circuit Judges.

LAY, Chief Judge.

In 1982 Mozella Major, a black female, was a GS–11[1] Contract Specialist at the Defense Mapping Agency Aerospace Center (DMA). Major was twice passed over for promotion to a GS–12 position and she filed a complaint of discrimination with the Equal Employment Opportunity Commission (EEOC) under Title VII of the Civil Rights Act of 1964. While her discrimination complaint was being processed, Major transferred to a GS–11 position at the U.S. Army Troop and Aviation Material Readiness Command Headquarters (TSARCOM).

After two and a half years, the EEOC concluded Major had been discriminated against and recommended that she be awarded back pay. The DMA ostensibly accepted the decision but limited her back pay to the period from the date of discrimination on February 22, 1982, to the date of Major's May 20, 1982, transfer. Initially, DMA indicated to Major that in order for her to get back pay she would have to return to DMA. Major gave notice to TSARCOM that she was leaving to return to DMA, at which time DMA withdrew the offer of re-employment. DMA tendered a back pay check for $404.74 which Major refused.

---

1. The acronym GS stands for General Schedule plan which is the system used by the government for ranking employees for salary purposes. The GS plan is a grid system which ranks employees by grades, and within grades by steps.

Major retired as a career service employee on September 3, 1987. She appealed the adequacy of remedy to the EEOC which upheld the propriety of the remedy, and then she filed suit in district court. In upholding the EEOC findings, the court found that Major's transfer was a resignation and that she failed to prove constructive discharge. Major now appeals to this court. She seeks recovery of back pay for the period from her transfer in 1982 until her retirement in 1987. We reverse the district court's judgment, and order that Major be awarded back pay from February 22, 1982, until her retirement on September 3, 1987.

Mozella Major began her career in federal service in 1955. She worked for approximately twenty years at DMA. On February 22, 1982, Major was denied a promotion to the position of Contract Specialist, GS–12, step 4. At the time of denial Major had attained the level of GS–11, step 8. Major was the number one rated applicant of eight applicants on the promotion list. Five of these eight rated below Major were ultimately promoted to the GS–12 position.

On February 26, 1982, Major lodged a complaint of racial discrimination with the EEOC. On March 1, 1982, she applied for a transfer to another agency. On May 30, 1982, Major was transferred to TSARCOM at the same rate of pay as a GS–11, step 8, without a break in service and without a probationary period. DMA claims that Major's transfer was a voluntary resignation and therefore DMA's back pay liability ended when she left on May 29, 1982.

The goals of title VII are to eradicate employment discrimination and to make persons whole for injuries suffered due to unlawful discrimination. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 417–18, 95 S.Ct. 2362, 2371–72, 45 L.Ed.2d 280 (1975); *McIntosh v. Jones Truck Lines, Inc.*, 767 F.2d 433, 435 (8th Cir.1985). The court should deny back pay only if denial "would not frustrate the central statutory pur-

poses of eradicating discrimination throughout the economy and making persons whole for injuries suffered through past discrimination." *Albemarle*, 422 U.S. at 421, 95 S.Ct. at 2373.

As a general rule, employees are entitled to awards of back pay and reinstatement only if they were actually or constructively discharged. *Maney v. Brinkley Mun. Waterworks and Sewer Dep't*, 802 F.2d 1073, 1075 (8th Cir.1986). However, the question of constructive discharge is reached only after finding that the employee resigned. In this case, although technically plaintiff left her DMA position, she did not leave her employment as a government service career employee. We find that Major transferred to a lateral position and therefore should be awarded back pay from the time the discrimination occurred until her retirement from government service.

It is clear that Major was a competitive service career employee. Under 5 C.F.R. § 212.301, competitive status refers to "[a]n individual [who] may be, without open competitive examination, reinstated, transferred, promoted, reassigned, or demoted, subject to conditions prescribed by the Civil Service rules and regulations." According to 5 C.F.R. § 210.102(18), transfer means "a change of an employee, without a break in service of 1 full workday, from a position in one agency to a position in another agency."

On May 24, 1982, Major received a notification of personnel action, Form 50, which described the nature of the action as a "transfer", and also cited "REG 315.501 LATERAL" in the remarks section.[2] In 1982, 5 C.F.R. § 315.501 provided that "[a]n agency may appoint by transfer a career * * * employee of another agency." Section 315.502(a) of 5 C.F.R. provided "a career employee who transfers remains a career employee * * *."

After Major transferred to TSARCOM she continued to receive the same within

---

**2.** In March 1985, *after* the decision by the EEOC that DMA had discriminated against Major, DMA sent a corrected notification of personnel action which noted in the remarks section: "CORRECTS ITEM 30 TO REMOVE REMARK

REG 315.501 LATERAL TO READ REG 315.501 CTLG." Even this form does not show that Major resigned; Item 19–B still shows the nature of the action to be a "transfer."

grade increases that she would have received had she not transferred from DMA. Major's grade and step at TSARCOM depended on her level at DMA. Major testified that had she been promoted to a GS–12, step 4 (as she should have been in February, 1982), she would never have left DMA. However, had Major been promoted to a GS–12, step 4, and still transferred, she would at least have been paid at the GS–11, step 10, rate in her new position.

When Major retired in 1987, all her years of service, (including her time at DMA) were credited in calculating her retirement benefits. Given the nature of the change in positions, the fact that Major remained a career service employee and retired as a career service employee, we find Major entitled to back pay including the time of transfer in 1982 until her retirement in 1987.

We therefore reverse and remand to the district court for entry of judgment reflecting the appropriate back pay amount and interest thereon. Upon remand the parties shall provide to the district court the proper determination as to the back pay award.